

**The Commonwealth of Massachusetts**

### SUPREME JUDICIAL COURT

FOR SUFFOLK COUNTY

#### JOHN ADAMS COURTHOUSE

ONE PEMBERTON SQUARE, SUITE 1300
BOSTON, MASSACHUSETTS 02108-1707
WWW.SJCCOUNTYCLERK.COM

CASE INFORMATION (617) 557-1100
FACSIMILE (617) 557-1117

ATTORNEY SERVICES (617) 557-1050
FACSIMILE (617) 557-1055

**MAURA S. DOYLE**
CLERK

June 15, 2020

Robert M. Farrell, Clerk of Court
U.S. District Court for the District of Mass.
One Courthouse Way
Boston, MA  02110

RE:  S.J.C. No. BD-2020-030

IN RE: HANFORD CHIU

Dear Clerk Farrell:

    Enclosed please find a CERTIFIED COPY of the Order which was
entered on June 15, 2020 by the following Justice of the Supreme
Judicial Court:  Gaziano, J.

Very truly yours,

*Maura S. Doyle*

Maura S. Doyle, Clerk

Enclosures
cc:  Clerk of Court, United States District Court - CERTIFIED COPY
    Honorable Paul C. Dawley, Chief Justice

FILED
IN CLERKS OFFICE
2020 JUN 17  AM 10:51
U.S. DISTRICT COURT
DISTRICT OF MASS.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                              SUPREME JUDICIAL COURT
                                         FOR SUFFOLK COUNTY
                                         NO:  BD-2020-030


IN RE: Hanford Chiu


ORDER OF IMMEDIATE TEMPORARY SUSPENSION

This matter came before the Court, Gaziano, J., on a Notice
of Conviction pursuant to S.J.C. Rule 4:01, § 12(9) and a
Petition for Temporary Suspension filed by the Office of Bar
Counsel. After a telephone hearing held on June 11, 2020,
attended by assistant bar counsel and counsel for the respondent.

It is ORDERED that:

1.    Hanford Chiu is temporarily suspended from the
practice of law in the Commonwealth pending further order of the
Court effective immediately upon the entry of this Order.

It is FURTHER ORDERED that:

2.    Within fourteen (14) days of the date of entry of this
Order, the lawyer shall:

     a)  file a notice of withdrawal as of the effective
date of the temporary suspension with every court, agency,
or tribunal before which a matter is pending, together with

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
NO: BD-2020-030

IN RE: Hanford Chiu

ORDER OF IMMEDIATE TEMPORARY SUSPENSION

This matter came before the Court, Gaziano, J., on a Notice
of Conviction pursuant to S.J.C. Rule 4:01, § 12(9) and a
Petition for Temporary Suspension filed by the Office of Bar
Counsel. After a telephone hearing held on June 11, 2020,
attended by assistant bar counsel and counsel for the respondent.

It is ORDERED that:

1.    Hanford Chiu is temporarily suspended from the
practice of law in the Commonwealth pending further order of the
Court effective immediately upon the entry of this Order.

It is FURTHER ORDERED that:

2.    Within fourteen (14) days of the date of entry of this
Order, the lawyer shall:

        a)    file a notice of withdrawal as of the effective
    date of the temporary suspension with every court, agency,
    or tribunal before which a matter is pending, together with

a copy of the notices sent pursuant to paragraphs 2(c) and

2(d) of this Order, the client's or clients' place of

residence, and the case caption and docket number of the

client's or clients' proceedings;

b)   resign as of the effective date of the temporary

suspension all appointments as guardian, executor,

administrator, trustee, attorney-in-fact, or other

fiduciary, attaching to the resignation a copy of the

notices sent to the wards, heirs, or beneficiaries pursuant

to paragraphs 2(c) and 2(d) of this Order, the place of

residence of the wards, heirs, or beneficiaries, and the

case caption and docket number of the proceedings, if any;

c)   provide notice to all clients and to all wards,

heirs, and beneficiaries that the lawyer has been

temporarily suspended; that he is disqualified from acting

as a lawyer after the effective date of the temporary

suspension; and that, if not represented by co-counsel, the

client, ward, heir, or beneficiary should act promptly to

substitute another lawyer or fiduciary or to seek legal

advice elsewhere, calling attention to any urgency arising

from the circumstances of the case;

d)   provide notice to counsel for all parties (or, in

the absence of counsel, the parties) in pending matters

that the lawyer has been temporarily suspended and, as a

consequence, is disqualified from acting as a lawyer after the effective date of the temporary suspension;

   e)   make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or other property;

   f)   refund any part of any fees paid in advance that have not been earned; and

   g)   close every IOLTA, client, trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody or control.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

   3.   Within twenty-one (21) days after the date of entry of this Order, the lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Order and with bar disciplinary rules.  Appended to the affidavit of compliance shall be:

   a)   a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts and agencies to which notices were sent,

and all return receipts or returned mail received up to the
date of the affidavit.  Supplemental affidavits shall be
filed covering subsequent return receipts and returned
mail.  Such names and addresses of clients shall remain
confidential unless otherwise requested in writing by the
lawyer or ordered by the court;

b)  a schedule showing the location, title and account
number of every bank account designated as an IOLTA,
client, trust or other fiduciary account and of every
account in which the lawyer holds or held as of the entry
date of this Order any client, trust or fiduciary funds;

c)  a schedule describing the lawyer's disposition of
all client and fiduciary funds in the lawyer's possession,
custody or control as of the entry date of this Order or
thereafter;

d)  such proof of the proper distribution of such
funds and the closing of such accounts as has been
requested by the bar counsel, including copies of checks
and other instruments;

e)  a list of all other state, federal and
administrative jurisdictions to which the lawyer is
admitted to practice; and

f)  the residence or other street address where
communications to the lawyer may thereafter be directed.

The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, § 17.

4.   Within twenty-one (21) days after the entry date of this Order, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

a)   a copy of the affidavit of compliance required by paragraph 3 of this Order;

b)   a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

c)   the residence or other street address where communications to the lawyer may thereafter be directed.

This matter is remanded to the Board of Bar Overseers (Board), for such proceedings that the Board deems appropriate.

By the Court, (Gaziano, J.)

Assistant Clerk

Entered: June 15. 2020

A True Copy

6/15/20
Date

Attest

Assistant Clerk